UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

DANNY RAY BENNINGFIELD                                           PLAINTIFF

v.                                                  CIVIL ACTION NO. 4:13CV-P3-M

SOUTHERN HEALTH PARTNERS *et al.*                           DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Danny Ray Benningfield filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 regarding the conditions of his confinement at the Daviess County Detention Center (DCDC). This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the complaint will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff is a pretrial detainee incarcerated at the DCDC. As Defendants, he names Southern Health Partners (SHP); DCDC; DCDC Deputy Sgt. Chris Isbell in his individual and official capacities; and DCDC Deputy Forester in his official capacity. As relief, he seeks monetary and punitive damages.

First, Plaintiff alleges that on December 4, 2012, as he was returning from court, he asked Defendants Isbell and Forester if he could see "medical" for cuts on his hands; because his "back was hurting"; and "to get checked for Aids" because someone spit on him. Plaintiff advises that both Defendants said, "no."

Second, Plaintiff claims that he was taken to McLean County before lunch and that when he returned to DCDC, Defendant Isbell denied him a food tray. Plaintiff reports that the inmate handbook states that inmates are to receive three meals a day.

Third, Plaintiff alleges that he asked numerous times "by inmate sick calls and verbal talking to nurses to be seen for getting checked for Aids." He also reports having "a tumor or cyst on right kidney that I found out I had a week before came to Jail" and signing a release for the jail to get medical records from Henderson Methodist Hospital. He also reports asking to be seen for cuts on his right hand; a cut on his right ankle, which also had a knot under it; tooth pain; and blackouts. He states, "As of Jan 03 2013 Medical treatment has not been given." He then writes, "On Jan 8th 2013 The Guards took me back to the nurse finally to be seen. The nurse apolgised over and over again for them not seeking me for the past 5 weeks."

## II. **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

2

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

# III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. *Official-capacity claims against Defendants Isbell and Forester and all claims against the DCDC*

"Official- capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants Isbell and Forester are actually against Daviess County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). Likewise, the claims against the DCDC are also against Daviess County as the real party in interest; a detention center is not a separate entity subject to suit under § 1983. *See De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (finding neither a county jail nor a sheriff's department is a suable entity); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a sheriff's department is not a legal entity subject to suit

4

under § 1983); *Ferguson v. Dallas Cnty. Jail*, No. 3:96-CV-2939-D, 1997 WL 86459, at *1 (N.D. Tex. Feb. 26, 1997) (noting that county jail lacks separate jural existence and is not a separate entity subject to suit).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, Plaintiff does not identify a municipal policy or custom that was the moving force behind his injury. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Additionally, "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v.*

5

*Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). For these reasons, the official-capacity claims against Defendants Isbell and Forester and all claims against the DCDC will be dismissed.

### B. Claims against SHP

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis of [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. *See Ridgeway v. Kentucky*, 510 F. App'x 412, 413 ("Ridgeway failed to allege how any defendant was personally involved in the deprivation of his constitutional rights[,] and for this reason, the district court properly dismissed the complaint.") (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)).

Plaintiff does not allege any facts involving SHP. He merely identifies SHP as a Defendant in the caption and in the parties' section of the complaint and wholly fails to give Defendant SHP fair notice of the claims against it and the grounds upon which they rest. Plaintiff, therefore, has failed to state a claim against SHP, warranting dismissal of that Defendant from the action.

### C. Individual-capacity claims against Defendant Isbell

Plaintiff mentions Defendant Isbell on two occasions in the complaint.

First, Plaintiff alleges that on December 4, 2012, as he was returning from court, he asked Defendants Isbell and Forester if he could see "medical" for cuts on his hands; because his "back was hurting"; and "to get checked for Aids" because someone spit on him. Plaintiff advises that both Defendants said, "no."

6

Plaintiff was not a convicted prisoner at the time of the events alleged; he was a pretrial detainee. As such, the Eighth Amendment's proscription against cruel and unusual punishment does not apply to him. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). "Under the Fourteenth Amendment Due Process Clause, however, pretrial detainees have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Id.* at 685-86. Thus, "[t]o sustain a cause of action under § 1983 for failure to provide medical treatment, plaintiff must establish that the defendants acted with 'deliberate indifference to serious medical needs.'" *Id.* at 686; *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).

"An Eighth Amendment claim has two components, one objective and one subjective." *Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001). To satisfy the objective component, "'the inmate [must] show that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 896 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[T]he evidence need only show that 'the medical need at issue is sufficiently serious.'" *Blackmore*, 390 F.3d at 896 (quoting *Farmer*, 511 U.S. at 834). To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk. *Comstock*, 273 F.3d at 702-03.

The Court finds that Plaintiff fails to demonstrate a serious medical need or deliberate indifference by Defendant Isbell. Plaintiff does not claim that the person who spit on him has AIDS or is at high risk of AIDS and does not advise when the incident occurred or otherwise explain why he believes he needs an examination. As alleged, any need for AIDS testing is purely speculative. He also mentions "cuts" and that his back "was hurting" but does not further

7

elaborate on the extent and severity of those complaints.  Moreover, Plaintiff concedes that he was later seen by a nurse, and he alleges no harm caused by any delay in treatment.  Plaintiff, therefore, has failed to show how this one-time denial by Defendant Isbell to let him see "medical" rose to the level of an Eighth Amendment violation.

Second, Plaintiff claims that Defendant Isbell denied him a lunch tray on one occasion.  Again, the Court concludes that Plaintiff has failed to allege facts demonstrating a constitutional violation.  While "deliberate and unnecessary withholding of food essential to normal health can violate the Eighth Amendment," *Cunningham v. Jones*, 567 F.2d 653, 656 (6th Cir. 1977), Plaintiff makes no such sweeping allegation.  He fails to allege that he was denied sufficiently nutritious meals for any appreciable amount of time.  *Brooks v. Daniels*, No. 3:12CV-P446-S, 2012 WL 5866453, at *2 (W.D. Ky. Nov. 19, 2012) (finding pretrial detainees failed to state claim under Fourteenth Amendment when they alleged only that they missed one meal).

Plaintiff, therefore, fails to state a claim upon which relief may be granted against Defendant Isbell in his individual capacity, and the claims against him will be dismissed.

## IV.  CONCLUSION

For the reasons set forth more fully above, the Court will enter a separate Order dismissing this action.

Date:  August 19, 2013

*[signature: Joseph H. McKinley]*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendants
4414.005